# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Buffy Hoskins<br>2902 E. 9th Rd.<br>Utica, IL 61373<br><br>      Plaintiff,<br><br>v.<br><br>Mann Bracken, LLC<br>c/o James D. Branton, Registered Agent<br>2727 Paces Ferry Rd., Suite 1400<br>Atlanta, GA 30339<br><br>      Defendant. | FILED: MAY 30, 2008<br>CASE NO.:  08CV3119   RCC<br>      JUDGE GETTLEMAN<br>      MAGISTRATE JUDGE DENLOW<br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8.  Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9.  On or around March 12, 2008, Defendant telephoned Plaintiff's residence and spoke to
    Plaintiff.

10. During this communication, Defendant threatened to place a lien on Plaintiff's house if the
    debt was not paid.

11. During this communication, Plaintiff responded by informing Defendant that Plaintiff rents
    rather than owns the house.

12. During this communication, Defendant then threatened to garnish Plaintiff's husband's
    ("Husband") wages if the debt was not paid.

13. At the time of this communication, Defendant had not obtained a judgment against Plaintiff
    or Husband.

14. On or around March 24, 2008, Defendant telephoned Plaintiff's residence and spoke to
    Plaintiff.

15. During this communication, Plaintiff explained that Plaintiff was not able to pay the debt at
    that time, but would call Defendant when Plaintiff could pay the debt.

16. On or around March 27, 2008, Defendant telephoned Plaintiff's residence and hung up the
    telephone without leaving a voice message.

17. On or around March 27, 2008, shortly after placing the telephone call referenced
    immediately above, Defendant telephoned Husband's Parents' residence and left a recorded
    voice message on their answering machine.

18. In this message, Defendant stated that the call was of a legal nature and that it was urgent that
    Plaintiff call Defendant immediately.

19. On or around March 27, 2008, Defendant telephoned Plaintiff's residence shortly after placing the telephone call referenced immediately above and left a recorded voice message.

20. On or around March 29, 2008, Defendant telephoned Plaintiff's residence and spoke to Plaintiff.

21. During this communication, Defendant again threatened to place a lien on Plaintiff's home.

22. During this communication, Defendant demanded information regarding Husband's 401k plan.

23. As a result of Defendant's actions, Plaintiff feared that Defendant could garnish Husband's wages and/or seize Husband's 401k assets without further action.

24. As a result of Defendant's actions, Husband's parents were concerned about Plaintiff's well being and questioned Plaintiff about the nature of the call.

25. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

26. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action

was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its

conversations with Plaintiff.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15

   U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C.

   §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    Attorney for Plaintiff
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com